UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRELL MACK WALKER**                                      **CIVIL ACTION**

**VERSUS**                                                    **NO. 07-7738**

**SERGEANT DAVID MOAK, SERGEANT**                             **SECTION "C"(4)**
**LARAMIE KING, LIEUTENANT WADE RIGDON,**
**CAPTAIN JEFF WILLIAMS**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2) and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. On April 25, 2008, the undersigned conducted a hearing pursuant to *Spears v. McCotter*[1] and its progeny, with the plaintiff participating by telephone.[2] Upon review of the record, the Court determines that this matter can be disposed of without an Evidentiary Hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain the prisoner's allegations and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e) . *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 7. The plaintiff was sworn prior to testifying. The cassette tape of the hearing is in the custody of the Court Recording Unit.

**I.      Factual Summary**

    **A.      The Complaint**

The plaintiff, Darrell Mack Walker ("Walker"), was an inmate housed in the Washington Parish Jail at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983. Walker filed this suit against the defendants, Sergeant David Moak, Sergeant Laramie King, Lieutenant Wade Rigdon, and Captain Jeff Williams, seeking to recover damages for the alleged use of excessive force by Moak, King, Rigdon, and Williams.

Walker alleges that on October 28, 2006, around 7:00 p.m., he was attacked and beaten by the defendants while housed in the B.B. Sixty Rayburn Correctional Center ("RCC"). He claims that he suffered physical injury as a result. Walker alleges that Sgt. Moak instigated the attack and was soon followed by Lieutenant Rigdon, who kicked him in the mouth while he was in full restraints lying on his stomach on the floor. He alleges that the defendants then took him to the lobby outside of camera view where he was beaten again by order of Captain Williams.

Walker seeks compensatory damages of $250,000, an additional $50,000 from each defendant, and punitive damages of $5,000 from each defendant. He also seeks to have each of the defendants fired from their posts.

    **B.      The *Spears* Hearing**

Walker testified that he was first attacked by Sgt. Moak on October 28, 2006. He stated that he was walking from the shower back to his cell in shackles. Walker stated that Sgt. Moak told him that he was walking too slowly and tried to trip him. Instead, Moak stepped on the chain and Walker fell to the floor. He further testified that Moak jumped on him on the floor and yelled for him to stop

resisting. His call for back-up assistance was answered by Lt. Rigdon, who proceeded to kick Walker in the mouth as he lay on the floor.

Walker also testified that Capt. Williams ordered the other officers, now joined by Sgt. King, to take him to the lobby, where they proceeded to beat him again outside of the camera view. Walker stated that he believes that these beatings were in retaliation for a prior incident involving Lieutenant Ronnie Seal in 2005. Walker claimed that Seal placed him in a choke hold and he bit Seal's arm. At the time of the *Spears* Hearing, he was in jail awaiting trial on charges of battery against Seal, having completed his criminal sentence.

Walker also professed that he had been the victim of several other beatings at RCC, usually in retaliation for other incidents between him and other correctional officers. He stated that, as a result of the October 28, 2006 attack, he busted his lower lip and had to undergo dental work on teeth damaged in the beating.

## II.   **Procedural Background**

After the *Spears* Hearing, the Court scheduled a Preliminary Conference pursuant to Federal Rule of Civil Procedure ("Rule") 16 for September 22, 2008.[3] The Order was mailed by the Clerk of Court to the plaintiff at the Washington Parish Jail. On July 16, 2008, the Court was notified by prison officials that Walker had been released from jail on May 20, 2008.[4]

The Court issued a second order notifying Walker of the conference to be held on September 22, 2008.[5] This order was mailed twice by the Clerk of Court to Walker at his last known address

---

[3] Rec. Doc. No. 14.

[4] Rec. Doc. No. 15.

[5] *Id.*

3

in Marrero, Louisiana, which was obtained from the Washington Parish Jail. Both envelopes containing the order were returned to the Court marked "undeliverable as addressed" and "return to sender - vacant - unable to forward."[6]

The plaintiff has not responded to the Court's prior orders or provided the Court with a current address or phone number. He has not otherwise contacted the Court regarding his case since the *Spears* Hearing on April 25, 2008.

## III.  Analysis

Rule 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. FED. R. CIV. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, Walker is without counsel and is responsible for the prosecution of his case.

The record shows that the Court set a Scheduling Conference, the notice of which was returned as undeliverable because Walker failed to provide the Court with a proper address when he was released from prison. Walker was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page six of his Complaint, where he signed the Plaintiff's Declaration on October 26, 2007. The Local Rules of this Court also require that a plaintiff provide

---

[6]Rec. Doc. No. 16, 17.

the Court with a current address or face dismissal of the case when a notice is returned to the court. L.R. 41.3.1E.

Contrary to these mandates, Walker has not notified the Court of a change of address or any other means of contacting him. In fact, the record demonstrates that Walker has never provided notice to the Court of his discharge from jail. The only change of address was discovered by the Court based on information provided by prison officials. Accordingly, dismissal of Walker's complaint is proper under Rule 41(b) and the rules of this Court for his failure to prosecute this case.

### IV.     Defendants' Motion to Dismiss

On June 20, 2008, the defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Exhaust Administrative Remedies (Rec. Doc. No. 13). In light of the Court's decision to recommend dismissal of this matter for failure to prosecute, the defendants' motion should be dismiss as moot.

### V.     Recommendation

It is therefore **RECOMMENDED** that the defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Exhaust Administrative Remedies (Rec. Doc. No. 13)** be **DISMISSED as moot**.

It is further **RECOMMENDED** that Walker's complaint brought pursuant to Title 42 U.S.C. § 1983 against the defendants, Sergeant David Moak, Sergeant Laramie King, Lieutenant Wade Rigdon, and Captain Jeff Williams, be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of October, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**